# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IVAN RAMIREZ-TORRES,

        Plaintiff,

v.

CANDICE WHITMAN and
CHARLES E. LARSON,

        Defendants.

Case No. 21-CV-420-JPS

**ORDER**

      On April 2, 2021, Plaintiff Ivan Ramirez-Torres filed this civil rights action alleging violations of his constitutional rights. ECF No. 1. On October 14, 2021, the Court screened the complaint and allowed it to proceed against Defendants for deliberate indifference to Plaintiff's serious medical need. ECF No. 11 at 6.

      On August 8, 2022, the Court entered a scheduling order with a January 6, 2023 discovery deadline and a February 6, 2023 deadline to file dispositive motions. ECF No. 25. The Court's order required that for summary judgment motions, the parties must meet and confer at least 30 days prior to filing the motion and create a single, agreed-upon statement of facts. *Id.* at 2. The Court has warned Plaintiff that the failure to participate in his case may result in its dismissal for the failure to prosecute. *Id.* ECF Nos. 11 at 8, 15 at 9.

      On January 24, 2023, Defendants filed a motion to dismiss for Plaintiff's failure to prosecute, ECF No. 17, and a motion to stay case deadlines, ECF No. 18. Defendants seek dismissal for Plaintiff's failure to prosecute. *Id.* Defendants indicate that Plaintiff was released into the community on November 22, 2022, but to date has failed to update his

address. *Id.* Defense counsel located Plaintiff's address through his parole officer and attempted to serve discovery on Plaintiff at his new address. Defendants received no response. *Id.*

The Court will grant Defendants' motion to dismiss and will dismiss this action, with prejudice, for Plaintiff's failure to prosecute and to comply with orders. Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action, with or without prejudice, for a plaintiff's failure to prosecute or to comply with a court order. While the Seventh Circuit has held that a single missed filing deadline or status hearing does not support dismissal for failure to prosecute, *see Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000), it has upheld dismissal for plaintiffs who fail to attend multiple hearings and have been warned of the possibility of dismissal, *see Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006); *Ball v. City of Chicago*, 2 F.3d 752, 753–54 (7th Cir. 1993). The Seventh Circuit has also affirmed dismissals where a single nonappearance was combined with other instances of violating court orders. *See Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994); *see also Schmidt v. Campanella Sand & Gravel Co., Inc.*, 49 Fed. Appx. 647, 650 (7th Cir. 2002).

Here, Plaintiff's failure to maintain a current address has halted this case. Defendants went above and beyond to move this case forward by locating Plaintiff's current address out of custody and by attempting to contact him there. Defendants have been unable to conduct discovery or to engage in the Court's meet-and-confer requirement as a result of Plaintiff's failure to provide a current address. Plaintiff has violated the Court's order and shows no indication that he intends to prosecute this case based on his failure to maintain a current address. As such, the Court is obliged to grant Defendants' motion and to dismiss this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, ECF No. 17, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' motion to stay case deadlines, ECF No. 18, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's orders and for the failure to prosecute.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge